AO 91 (Rev. 11/11)  Criminal Complaint

FILED
Clerk
District Court

# UNITED STATES DISTRICT COURT

APR 0 5 2017

for the

District of the Northern Mariana Islands

for the Northern Mariana Islands
By_____
(Deputy Clerk)

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. CR 17-00009 |
| | ) | |
| Qi Xiufang, | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___03/07/2017 through 03/22/2017___ in the county of _____---_____ in the _____---_____ District of the Northern Mariana Islands, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1324a | Unlawful Employment of Aliens |
| 8 U.S.C. § 1324(a)(1)(A)(iii) | Bringing In and Harboring Certain Aliens |

This criminal complaint is based on these facts:

See attached Affidavit in Support of Criminal Complaint and Arrest Warrants.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joe W. McDoulett, Special Agent
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___04/05/2017___

_____
*Judge's signature*

City and state: ___Saipan, CNMI___

Ramona V. Manglona, Chief Judge
_____
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 17-00009 |
| Plaintiff, | |
| vs. | **AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANTS** |
| QI Xiufang, | |
| Defendant. | |

I, Joe W. McDoulett, being a Special Agent (SA) with the Federal Bureau of Investigation and acting in my official capacity, do hereby state as follows:

## INTRODUCTION

1.    I have been a special agent with the FBI since May, 2003.  I am currently assigned to the Honolulu Division, Saipan Resident Agency (RA), located in the Commonwealth of the Northern Mariana Islands (CNMI). My experience as an FBI special agent includes, but is not limited to: interviewing witnesses, document analysis, physical surveillance, drafting and executing search and arrest warrants, translation, and recruiting and debriefing persons with specific knowledge of illegal activities. Through investigation and training, I have become familiar with the practices of recruiting and employing undocumented workers and the methods used to conceal such practices.

2.    Based on the above training and experience, your Affiant is familiar with the modus operandi of persons involved in the recruiting, employing and concealment of undocumented workers, specifically those from China, as well as the terminology used by persons involved in these practices.

3.    Your Affiant makes this affidavit pursuant to Rules 3, 4(a), and 5(b) of the Federal Rules

1

of Criminal Procedure to support the arrests of LU Hui and MA Hongwei for violations of Section 1324(a)(1)(A)(iii) of Title 8 of the United States Code, and Section 1324a of Title 8 of the United States Code, beginning on or about March 7, 2017 and continuing until March 22, 2017, in the District of the Northern Mariana Islands, as charged in the accompanying criminal complaint.

4.    The facts set forth in this affidavit are based upon my personal knowledge, knowledge obtained during my participation in this investigation, knowledge obtained from other law enforcement personnel, review of documents related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein and information gained through training and experience. I have not included in this affidavit every fact known to me in regard to this investigation, but rather only those sufficient to establish probable cause.

## APPLICABLE LAW

5.    Under Section 1324(a)(1)(A)(iii) of Title 8 of the United States Code, a defendant commits the crime of bringing in and harboring certain aliens if there is evidence that proves:  First, that there is a person who is an alien; second, that person was not lawfully in the United States; third, the defendant knew or acted in reckless disregard of the fact that the alien was not lawfully in the United States; and fourth, the defendant harbored, concealed, or shielded from detection the alien for the purpose of avoiding detection by immigration authorities.

6.    Under Section 1324a of Title 8 of the United States Code, a defendant commits the crime of unlawful employment of aliens if there is evidence that proves: First, that the defendant hired, recruited or referred for a fee an alien; second, for employment in the United States; and third, while knowing the alien is an unauthorized alien with respect to such employment, or if a defendant: First, hires an alien; second, for employment in the United States; third, without

verifying that the alien is authorized to work in the United States.

## PROBABLE CAUSE

7. On Wednesday, March 22, 2017, at approximately 7:36 a.m., the CNMI Department of Public Safety (DPS) received a report from the Commonwealth Health Care Corporation (CHCC) of the death of construction worker, HU Yuanyou, born April 10, 1973.

8. Mr. HU entered the United States as a visa parolee/tourist on March 7, 2017. Homeland Security Investigations confirmed Mr. HU's parole status expired March 17, 2017. As a visa parolee, Mr. HU was not authorized to work in the United States and/or the CNMI.

9. LU Hui, born October 5, 1984, PRC passport number E03963725, met with DPS on March 27, 2017 regarding the incident. LU requested a copy of the death certificate in order to send the death certificate to the spouse of Mr. HU. LU later reported to DPS Mr. HU had entered the CNMI as a glass contractor for a period of two weeks.

10. LU met again with DPS on March 28, 2017. LU claimed Mr. HU was employed by a wholly-owned subsidiary of Nanjing Beilida New Materials System Engineering Co. Ltd (Nanjing Beilida). LU claimed that he (LU) was an employee of Nanjing Beilida, but the sole owner of the Beilida Overseas (CNMI). He stated that Beilida Overseas (CNMI) was incorporated for the sole purpose of allowing Nanjing Beilida to operate and conduct business in the CNMI.

11. On March 28, 2017, during an interview with Pamela Halstead, Director of Business Licensing at the CNMI Department of Finance, the FBI confirmed that LU Hui, of No. 1 Shuanglong St., Quinhuai District, Nanjing City, Jiangsu Province, China, is the president and director of BEILIDA OVERSEAS (CNMI) LIMITED (hereafter BEILIDA). BEILIDA's business license lists its physical address as Suite 200, Flame Tree Office Terrace, As Mahetog, and its date of incorporation in the CNMI as April 16, 2016.

12. During a Court-authorized search warrant executed by the FBI at the offices of BEILIDA on March 30, 2017, the FBI discovered several spreadsheets, in Chinese titled "Beilida Complete Personnel Accommodation Statistics Chart." The spreadsheet accurate to February 7, 2017, features a column titled "Visa Type," which lists over 150 workers as "hei gong," the Chinese word for undocumented worker. In the column titled "Team," the listed workers are divided into teams assigned to named individuals, one of which is QI Xiufang (hereinafter QI). QI's team consisted of more than half of the listed "hei gong" workers.

13. A comparison of a random sample of names designated "hei gong" with current records from Customs and Border Protection (CBP) confirmed that those individuals checked were visa parolees, and therefore not authorized to work legally. Additionally, the entry dates for the individuals on BEILIDA's records matched the entry dates provided by CBP records.

14. QI's name also appears on the personnel list. QI's visa type is CW. QI's team is her own name.

15. Subsequent "Beilida Complete Personnel Accommodation Statistics Charts" covering to March 7, 2017, and March 24, 2017, changed the designation in "Visa Type" from "hei gong" to "AAA." A comparison of these three spreadsheets confirmed individuals previously identified as "hei gong" on the February 7, 2017, chart, were the same individuals later identified with "AAA."

16. BEILIDA worker ZHANG Chunsheng (hereinafter ZHANG) is listed on the February 7, 2017, personnel chart as "hei gong." ZHANG is listed as part of the team of QI.

17. On January 20, 2017, ZHANG made a written statement to Department of Labor Wage and Hour Division in Saipan. In that statement he claimed to have been an employee of BEILIDA from about November 6, 2016, as a construction worker. ZHANG came to Saipan as a tourist. Another worker for BEILIDA introduced ZHANG to QI after ZHANG's arrival in Saipan.

4

According to ZHANG, QI interviewed and hired him. QI promised ZHANG 10,000 RMB per month for his employment. At QI's direction, ZHANG provided his passport to QI on November 5, 20016. As of the time of his statement, ZHANG had not received any payment. QI was responsible for assigning BEILIDA's work at the construction site to four subordinate team leaders. These team leaders assigned the construction workers their daily duties. QI's uncle maintained the attendance records of all workers assigned to her team.

18.    BEILIDA worker LIANG Peishuang is listed on the February 7, 2017, March 7, 2017, and March 27, 2017, personnel chart as "hei gong" or "AAA." LIANG is listed as part of the team of QI.

19.    On March 13, 2017, LIANG provided a statement to Department of Labor. LIANG was recruited in China via a wechat job advertisement for construction work on a casino in Saipan. LIANG spoke to a Chinese recruiter by the name of Mr. Sun. Upon arrival to Saipan, LIANG was assigned to a workers' barracks at which he met QI. More than half of the 500 workers for BEILIDA came in as tourists. Approximately 260 of those workers are under the supervision of QI. Per QI's instructions LIANG asked his sister-in-law to send her bank card, her bank card password, and another bank account number to QI's accountant in China. The accountant is in charge of the wire transfers of workers' wages in China. LIANG provided a copy of an online banking record from his bank showing a payment on January 23, 2017, of 17650 RMB, representing LIANG"s wages from December 5, to December 25, 2016. A subsequent record from LIANG showed a 8100 RMB withdrawal from the bank card provided to QI's accountant by LIANG'S sister-in-law. According to LIANG, QI only transferred 9630 RMB of his salary to his bank account. All BEILIDA workers provided their passports to QI. LIANG provided his passport to QI on the first day of work as instructed by QI.

## CONCLUSION

20.    Based on the foregoing, I have probable cause to believe that QI Xiufang has committed the offenses of Unlawful Employment of Aliens, in violation of 8 U.S.C. § 1324a, and Bringing In and Harboring Certain Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), as charged in the accompanying criminal complaint and did aid and abet the same.

21.    I have shown this affidavit and the accompanying complaint to Assistant United States Attorney Eric O'Malley, and he informs me that the complaint and affidavit are in proper form.

Dated this the 5th day of April 2017.

Joe W. McDoulett
Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN TO before me on this the 5 day of April 2017.

RAMONA V. MANGLONA
Chief Judge
District of the Northern Mariana Islands

6